NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAFAEL ALVAREZ PINEDA, | : | CIV. NO. 23-4939 (RMB) |
| Petitioner | : | **OPINION** |
| v. | : | |
| ANDY CRUZ, WARDEN FCI FORT DIX, | : | |
| Respondents | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1)[1] and Respondent's answer in opposition to habeas relief (Dkt. No. 7.)[2] Petitioner is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix.") He seeks application of his earned First Step Act ("FSA") time credits, which would lead to his immediate release from prison. For the reasons discussed below, the Court will

---

[1] Petitioner filed an amended petition on October 10, 2023. (Am. Pet., Dkt. No. 2.) This Court construed the amended petition as a civil rights action for damages under 28 U.S.C. § 1983, and opened a new case for that matter. (Order, Dkt. No. 3.) Therefore, this Court will address Petitioner's original habeas petition in this action. (Pet., Dkt. No. 1.)

[2] This Court gave Petitioner leave to file a reply brief within 45 days from the date of entry of Respondent's answer. Given Petitioner's allegation that he is being held beyond his release date and his failure to first exhaust administrative remedies, this Court will address the petition before expiration of time for Petitioner to file a reply brief. If Petitioner subsequently files a reply brief, the Court will construe it as a motion for reconsideration under Local Civil Rule 7.1(i).

1

deny the petition on the merits.

I.  BACKGROUND

Petitioner began serving a 235-month term of imprisonment, imposed by the United States District Court, Southern District of Florida on January 21, 2016, after he pled guilty to conspiracy to distribute more than five kilograms of cocaine knowing it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii).  *United States v. Bustos Alarcon, et al.*, No. 1:10-cr-20554-RLR-2 (S.D. Fla.) (ECF No. 73.)[3]  The sentencing court subsequently resentenced Petitioner to 150-months' imprisonment and a five-year term of supervised release.  *Id.* (ECF No. 98.)

Petitioner is not a U.S. citizen.  (Declaration of Jonathan Kerr ("Kerr. Decl."), Attach. 3, Dkt. No. 7-1 at 11.)  On July 31, 2023, the Department of Homeland Security ("DHS") United States Immigration and Customs Enforcement ("ICE") issued a Notice and Order of Expedited Removal to remove Petitioner back to his native Colombia.  *Id.*  Therefore, he is not entitled to application of FSA time credits, and his projected release date is May 19, 2024.  (Kerr Decl., ¶¶ 4-5 and Ex. 1, Dkt. No. 7-1 at 6.)

II.  THE PETITION

Petitioner filed a self-styled petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") determination that he is

---

[3] Public Access to Court Electronic Records ("PACER"), available at https://pacer.uscourts.gov/.

ineligible to receive earned time credits under the First Step Act. (Pet., Dkt. No. 1.)

In support of his claim, Petitioner asserts, in relevant part:

> I am claiming my [c]redit [e]arned from 2018 to this current date be credited back to me so that [I] may be given immediate release. I know and understand that the law states that [o]nce an individual has a final deportation order that individual no longer [e]arns First Step Act [time credits]. Now is [eligible] to receive prior [e]arned [c]redit. However… this is truly unjust. Unjust in a sense that a person who has "programmed" dur[]ing ten years and maintained good discipline and orde[r] to EARNED GOOD TIME is taken away. This First Step Act earned is automatically lost. I would interpret this as punitive action that maintaining good discipline and orde[r] for ten years and because of final deportation order, based on one's immigration status, it is all l[o]st.

(Pet., Dkt. No. 1 at 1) (alterations added). The Court construes Petitioner as alleging his loss of earned FSA time credits violates his Fourteenth Amendment liberty interest in his early transfer to supervised release or prerelease custody.

## III. THE ANSWER TO THE PETITION

Respondents oppose habeas relief on two grounds. (Answer, Dkt. No. 7 at 5.) First, Petitioner failed to file any prison grievances and did not give BOP an opportunity to address his claims. (*Id.*) Second, because Petitioner is subject to a final order of removal, he is statutorily barred from application of FSA time credits toward early supervised release or prerelease custody. (*Id.*)

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he must

3

ordinarily exhaust his administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The judicially imposed exhaustion requirement serves the following purposes: 1) facilitates judicial review by allowing the appropriate agency to develop a factual record and apply its expertise; (2) conserves judicial resources by permitting agencies to grant the relief requested; and (3) fosters administrative autonomy by providing agencies the opportunity to correct their own errors. *Moscato*, 98 F.3d at 761-62 (citations omitted).

Petitioner skipped over the BOP administrative remedy program and filed a § 2241 petition, hoping for immediate relief. (Kerr Decl. ¶ 3 and Attach. 2, Dkt. No. 7-1 at 8-9.) Even if a petitioner fails to exhaust a § 2241 habeas claim, a court has discretion to either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust administrative remedies before proceeding in court. *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (citations omitted). Ordinarily, this Court will enforce the exhaustion requirement. Here, however, Petitioner is not entitled to relief. Thus, it will not promote the goals of administrative exhaustion to dismiss the petition without prejudice for Petitioner to proceed with exhausting his administrative remedies. The Court will exercise its discretion to reach the merits of Petitioner's habeas claim.

### B. FSA Time Credits

The FSA, enacted into law on December 21, 2018, directed the BOP to create recidivism reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)-(d). Under the FSA, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). The FSA, however, explicitly bars certain inmates from receiving time credits and others from applying time credits. 18 U.S.C. § 3632(d)(4)(D)-(E). For example, "a prisoner is ineligible to apply time credits . . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2); BOP Prog. St. 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4).[4]

### C.   Immigration Final Order of Removal

An inmate who "is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17))" is ineligible to apply FSA time credits. 18 U.S.C. § 3632(d)(4)(E)(i). Thus, the definition of "final order" includes those orders defined as final by Title 8, chapter 12 "and all laws, conventions, and treaties of the United States relating to the immigration, exclusion,

---

[4] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

deportation, expulsion, or removal of aliens." 8 U.S.C. § 1101(a)(17).  Pursuant to 8 U.S.C. § 1225(b)(1), DHS can issue expedited orders of removal to inadmissible aliens and others.  "[I]n the deportation context, a 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" (quoting 8 U.S.C. § 1101(a)(47)(A); *see* § 309(d)(2), 110 Stat. 3009–627; *Calcano-Martinez v. INS*, 533 U.S. 348, 350, n. 1 (2001)); *accord Nasrallah v. Barr*, 590 U.S. 573, 579 (2020).  An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review.  *See* 8 C.F.R. § 235.3(b)(2)(ii) (providing that when an alien is found inadmissible under § 235.3(b)(1), the alien has '[n]o entitlement to hearings and appeals….")

      Petitioner is subject to an expedited order of removal.  His expedited removal order states:

> Based on the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

(Kerr Decl. ¶ 4 and Attach. 3, Dkt. No. 7-1 at 11.)  Therefore, under the plain meaning of the First Step Act, 18 U.S.C. § 3632(d)(4)(E)(i), Petitioner is not entitled to application of FSA time credits toward early transfer to supervised release or prerelease custody because he is subject to a final order of removal.  *See Ceron v. Engleman*, No. 23-3388-SSS (AGR), 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024)

(holding that inmate with expedited order of removal was ineligible for FSA credits), *report and recommendation adopted*, 2024 WL 968850 (C.D. Cal. Mar. 6, 2024).

### D.  Substantive Due Process Right to FSA Earned Time Credits

In *Wolf v. McDonnell*, the Supreme Court recognized that a Fourteenth Amendment liberty interest exists were a statute creates a right of prisoners to early release on good conduct time, and the statute establishes that loss of good conduct time is authorized only for major misconduct. 418 U.S. 539, 557 (1974). Earned time credits under the FSA are not the equivalent of good conduct time for federal prisoners under 18 U.S.C. § 3624(b)(1), which does not exclude any prisoners from application of earned good conduct time. Petitioner has not lost FSA time credits due to misconduct in prison. Instead, the FSA renders him ineligible to apply his earned time credits, which are not merely the result of good conduct in prison, but for his successful completion of recidivism reduction programs and activities. 18 U.S.C. § 3632(d)(4)(E)(i); s*ee also Cazarez v. Warden, FCI Ft. Dix*, No. CV 23-4457 (KMW), 2023 WL 5623035, at *2 (D.N.J. Aug. 31, 2023) (noting the FSA granted certain prisoners the ability to earn time credits, while at the same time it denied certain prisoners the ability to apply them toward early release). The FSA does not create a substantive due process right under the Fourteenth Amendment to early release for prisoners who are or may later become subject to a final order of removal because the statute as a whole does not promise certain classes of prisoners the possibility of early release. It is significant that completion of FSA programs and activities is not without reward absent early release from prison, as Petitioner

suggests by claiming "all is lost;" the programs are designed to assist prisoners, by addressing their individual needs, in remaining law abiding citizens upon release. 18 U.S.C. § 3632(b) ("The System shall provide guidance on the type, amount, and intensity of evidence-based recidivism reduction programming and productive activities that shall be assigned for each prisoner[.]") Inmates who are ineligible to apply earned FSA time credits toward early release may benefit from completion of these programs and activities without early release incentives. Therefore, the Court denies the petition for writ of habeas corpus under § 2241.

**V.      CONCLUSION**

For the reasons set forth above, the Court denies habeas relief.

An appropriate order follows.

**DATE:  April 9, 2024**

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
Chief United States District Judge