NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAFAEL ALVAREZ PINEDA, | : | CIV. NO. 23-4939 (RMB) |
| | : | |
| Petitioner | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| ANDY CRUZ, WARDEN | : | |
| FCI FORT DIX, | : | |
| | : | |
| Respondents | : | |

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner's reply brief (Dkt. No. 10), which this Court will construe as a motion for reconsideration of the Opinion and Order of April 9, 2024,[1] denying Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the Court will deny Petitioner's motion for reconsideration.

I. BACKGROUND

Petitioner began serving a 235-month term of imprisonment, imposed by the United States District Court, Southern District of Florida on January 21, 2016, after

---

[1] Because Petitioner's release date was approaching, the Court determined the merits of the amended habeas petition before the time expired for Petitioner to file a reply brief. The Court noted it would treat Petitioner's reply brief, if filed, as a motion for reconsideration. (Opinion, Dkt. No. 8 at 1, n. 2.)

1

he pled guilty to conspiracy to distribute more than five kilograms of cocaine knowing it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii).  *United States v. Bustos Alarcon, et al.*, No. 1:10-cr-20554-RLR-2 (S.D. Fla.) (Dkt. No. 73.)[2]  The sentencing court subsequently resentenced Petitioner to 150-months' imprisonment and a five-year term of supervised release.  *Id.* (Dkt. No. 98.)

Petitioner is not a U.S. citizen.  (Declaration of Jonathan Kerr ("Kerr. Decl."), Attach. 3, Dkt. No. 7-1 at 11.)  On July 31, 2023, the Department of Homeland Security ("DHS") United States Immigration and Customs Enforcement ("ICE") issued a Notice and Order of Expedited Removal to remove Petitioner to Colombia.  *Id.* Therefore, BOP determined Petitioner is not entitled to application of FSA time credits, and his projected release date is May 19, 2024.  (Kerr Decl., ¶¶ 4-5 and Ex. 1, Dkt. No. 7-1 at 6.)

II.   **PROCEDURAL HISTORY**

In his amended habeas petition, Petitioner raised a statutory and constitutional challenge to the Bureau of Prisons' ("BOP") removal of his FSA time credits, after finding him no longer eligible for early release based on the fact that Petitioner had become subject to an expedited order of removal.  (Am. Pet., Dkt. No. 2.)  Respondent opposed habeas relief, asserting that Petitioner was ineligible for application of earned time credits under the FSA.  (Answer, Dkt. No. 7.)

---

[2] Public Access to Court Electronic Records ("PACER"), available at https://pacer.uscourts.gov/.

This Court denied the amended habeas petition, holding that:

> under the plain meaning of the First Step Act, 18 U.S.C. § 3632(d)(4)(E)(i), Petitioner is not entitled to application of FSA time credits toward early transfer to supervised release or prerelease custody because he is subject to a final order of removal. *See Ceron v. Engleman*, No. 23-3388-SSS (AGR), 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024) (holding that inmate with expedited order of removal was ineligible for FSA credits), *report and recommendation adopted*, 2024 WL 968850 (C.D. Cal. Mar. 6, 2024).

(Opinion, Dkt. No. 8 at 6-7.) Additionally, this Court held:

> The FSA does not create a substantive due process right under the Fourteenth Amendment to early release for prisoners who are or may later become subject to a final order of removal because the statute as a whole does not promise certain classes of prisoners the possibility of early release.

(*Id.* at 7.)

### III.  MOTION FOR RECONSIDERATION

Petitioner contests Respondent's claim that he is subject to a final order of removal under 8 U.S.C. § 1225(b)(1). (Mot. for Reconsideration, Dkt. No. 10 at 2.) Although he admits that he was paroled into the United States on April 29, 2015, for the purpose of prosecution after he was "interdicted in International or United States waters," (Mot. for Reconsideration, Dkt. No. 2 at 2), Petitioner argues that he was brought into the United States legally under 8 U.S.C. § 1225(a)(1). (*Id.* at 3.) As such, Petitioner concludes that he was paroled into the United States and, therefore, he does not meet the criteria for expedited removal. Petitioner further asserts that

3

the Notice of Order and Expedited Removal (Exhibit 3, Dkt. No. 7-1) is invalid because it was not signed by Petitioner nor was he provided an interpreter to assist in communication.  (*Id.*)

Alternatively, if the Court finds "the delayed I-860 Expedited Removal Order admissible and legitimate," Petitioner contends that it violates the Ex Post Facto Clause of the Constitution because ICE held Petitioner in custody "two and a half months past the release date when ICE arrived on 7/31/23 with this order."  (*Id.*) BOP removed Petitioner's FSA time credits when the order was delivered.  (*Id.*)

### A.   Motion for Reconsideration Standard of Law

Federal Rule of Civil Procedure 59(e) permits a party to bring a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment."

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

*U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010)).

4

B.   Analysis

   1.   **Petitioner is subject to expedited removal**

For purposes of determining Petitioner's motion for reconsideration, this Court accepts as true Petitioner's allegation that he was brought into the United States "after having been interdicted in International or United States waters[,]" pursuant to 8 U.S.C. § 1225(a)(1).  This fact does not remove Petitioner from the class of aliens who are subject to expedited removal proceedings, as he contends.  Section 1225(a)(1) explicitly defines the categories of aliens who are "applicants for admission," including those interdicted in International or United States waters.  An alien is "admitted" by "lawful entry" only "after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).

8 U.S.C. § 1225(b)(1), Inspection of applicants for admission, provides in relevant part:

>  (A) Screening
> 
>>  (i) In general
>> 
>> If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) *is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title*, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.

(emphasis added).

Petitioner's Notice and Order of Expedited Removal indicates an immigration officer determined, on July 31, 2023, that Petitioner was inadmissible under 8 U.S.C. 1182(a)(7)(A)(i)(l) because he was not in possession of documents required by the Immigration and Nationality Act. (Exhibit 3, Dkt. No. 7-1 at 11.) Therefore, Petitioner has not established that he is not subject to expedited removal. Next, the Court turns to Petitioner's challenge to the validity of the Notice and Order of Expedited Removal.

### 2. Validity of Expedited Removal Order

Petitioner challenges the validity of the Notice and Order of Expedited Removal (Exhibit 3, Dkt. No. 7-1 at 11) because he did not sign it, and he claims the immigration officer did not provide him with an interpreter.[3] This Court, however, lacks jurisdiction to review the validity of Petitioner's expedited removal order. "Because an arriving alien 'has no constitutional rights regarding his application,' the Court explained, '[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'" *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1164 (9th Cir. 2022), *cert. denied*, No. 23-606, 2024 WL 1706018 (U.S. Apr. 22, 2024) (internal citation omitted) (quoting *Dep't of Homeland Sec. v.*

---

[3] The Notice and Order of Expedited Removal indicates that Petitioner refused to sign. Pursuant to 8 C.F.R. § 335.3, in pertinent part:

> the examining immigration official shall serve the alien with Form I–860 and the alien shall sign the reverse of the form acknowledging receipt. Interpretative assistance shall be used if necessary to communicate with the alien.

*Thuraissigiam*, 591 U.S. 103, 138 (2020)). "Because the 'procedure authorized by Congress' here purposefully precludes resort to the courts, that denial of judicial review cannot be said to deny due process." Therefore, Petitioner has not presented a basis for reconsideration of the Order denying his habeas petition.

### 3. BOP did not violate the Ex Post Facto Clause by denying Petitioner FSA Time Credits after Petitioner became subject to a final order of removal.

Petitioner contends the BOP violated the Ex Post Facto Clause by revoking his earned time credits under the FSA after he became subject to an expedited removal order. "The Ex Post Facto Clause of the Constitution … forbids the government from passing any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *PA Prison Soc. v. Cortes*, 622 F.3d 215, 234 (3d Cir. 2010) (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotation omitted)). "The Ex Post Facto Clause is intended to provide fair warning about new punishments…." *Id.* "To fall within the ex post facto prohibition," a law must be retrospective, that is, it must apply to events occurring before its enactment."

The FSA is not a retrospective law,[4] and it does not impose punishment; it creates awards for those eligible to earn them. *See Cazarez v. Warden*, FCI Ft. Dix, No. 23-cv-04457, 2023 WL 5623035, *2 (D.N.J. Aug. 31, 2023) ("the same statute

---

[4] "The [FSA] provides that '[a] prisoner may not earn time credits ... for an evidence-based recidivism reduction program that the prisoner successfully completed ... prior to the date of enactment of this subchapter....' 18 U.S.C. 3632(d)(4)(B)(i)." *Hare v. Ortiz*, No. CR 18-588-1(RMB), 2021 WL 391280, at *6 (D.N.J. Feb. 4, 2021).

7

which granted [the petitioner] the ability to earn [time] credits is the same enactment which denies him the ability to apply them to his release … if he were ever the subject of an order of removal.")[5]  Therefore, the BOP did not violate the Ex Post Facto Clause by removing Petitioner's earned time credits when he became ineligible for application of those credits upon issuance of the expedited removal order against him.

## IV.   CONCLUSION

Petitioner has not shown the need to correct a clear error of law in this Court's Opinion and Order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241.  The Court will deny Petitioner's motion for reconsideration.

An appropriate order follows.

**DATE:  June 6, 2024**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge

---

[5] "[A] prisoner is ineligible to apply time credits …. if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).